NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| JOHN DOE, | : | |
| Plaintiff | : | Civ. No. 18-2958 (RMB) |
| v. | : | OPINION |
| DAVID ORTIZ, WARDEN, | : | |
| Defendant | : | |

Plaintiff John Doe is a prisoner incarcerated in the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey. He filed this civil action challenging Warden David Ortiz's decision to deny him access to the Public Messaging Service TRULINCS, alleging violation of the Equal Protection Clause and the Administrative Procedures Act, 5 U.S.C. § 701 *et seq.* (Compl., ECF No. 1.) The Court terminated this action, subject to reopening, based on Plaintiff's deficient IFP application. (Order, ECF No. 3.)

Plaintiff has reapplied to proceed *in forma pauperis*, and he established his financial eligibility based on available assets of $79.38 in his inmate trust account. (IFP App., ECF No. 4.)

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action and seeks redress from a governmental entity, officer or

employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief. For the reasons discussed below, the Court will dismiss the complaint without prejudice for failure to state a claim.

I. Sua Sponte Dismissal

Courts must liberally construe pleadings that are filed pro se. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a pro se complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing pro se pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.    <u>Plaintiff's Request to Proceed Under a Pseudonym</u>

Plaintiff requests to proceed under a pseudonym because this action contains information about his offense of conviction, a sex offense. (Compl., Attach., ECF No. 1-6.) Plaintiff is a prisoner

in the general population at FCI Fort Dix and he fears violence by other inmates if his identity as a sex offender becomes known. (Compl., Attach., ECF No. 1-6.)

Federal Rule of Civil Procedure 10(a) requires the caption of a complaint to name all parties. To proceed under a pseudonym, a Plaintiff must establish (1) a fear of severe harm and (2) that the fear of harm is reasonable. Doe v. Megless, 654 F.3d 404, 408 (3d Cir. 2011). Plaintiff acknowledges that he must make his identity known to Defendant.

The factors favoring anonymity as an exception to Rule 10(a) include:

> 1. [T]he extent to which the identity of the litigant has been kept confidential;
>
> 2. [T]he bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases;
>
> 3. [T]he magnitude of the public interest in maintaining the confidentiality of the litigant's identity;
>
> 4. [W]hether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities;
>
> 5. [T]he undesirability of an outcome adverse to the pseudonymous party and attributable to [the party's] refusal to pursue the case at the price of being publicly identified; and
>
> 6. [W]hether the party seeking to sue pseudonymously has illegitimate ulterior motives.

> . . .
>
> The factors militating against anonymity include:
>
> 1. [T]he universal level of public interest in access to the identities of litigants;
>
> 2. [W]hether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and
>
> 3. [W]hether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated.

Doe v. Oshrin, 299 F.R.D. 100, 103 (D.N.J. 2014) (quoting Megless, 654 F.3d at 408-09 (3d Cir. 2011).

Plaintiff has requested that the Court keep his identity confidential from the outset of this litigation, although his name appears in the caption of the initial documents. Based on common knowledge that sex offenders are targets for violence in prison, Plaintiff reasonably fears violence if he is identified as a sex offender by other prisoners in FCI Fort Dix. This matter raises legal rather than factual issues, therefore, there is only a weak public interest in knowing Plaintiff's identity. Plaintiff does not appear to have an ulterior motive in anonymity. The only factor militating against anonymity is the general public interest in the parties to a lawsuit. Plaintiff has met the burden to proceed under

the pseudonym John Doe in this action.[1] See e.g. Doe v. Heil, Civ. No. 8-cv-02342-WYD-CBS, 2008 WL 4889550, at *3 (D. Colo. Nov. 13, 2008) (citing cases acknowledging that a sex offender in the general prison population may face heightened abuse by other inmates).

B. The Complaint

Plaintiff named Warden David Ortiz, in his official capacity, as the sole defendant in this action. Plaintiff seeks solely declaratory and injunctive relief under the Administrative Procedures Act and the Equal Protection Clause.

Plaintiff alleges the following facts in support of his claims. Sentenced on February 16, 2012 to a 294-month term of imprisonment for pornography related offenses, Plaintiff is currently incarcerated in FCI Fort Dix. (Compl., ECF No. at 1.) Plaintiff sent a request to his Unit Team on February 23, 2016, asking for permission to use the Bureau of Prison's public access messaging service, TRULINCS. (Id. at 2.) His request was denied, as were his appeals to the warden, the Bureau of Prisons ("BOP") Regional Office, and the BOP Central Office. (Id.)

---

[1] Although Plaintiff requested to proceed under a pseudonym in his first filing in this Court, his name appears in the caption of the Complaint. The Court will seal the Complaint and supporting documents as well as this Court's initial order denying IFP in this matter, and Plaintiff's second IFP application. The Court will order the parties to use Plaintiff's pseudonym in future documents filed herein but the Court does not intend to seal new filings.

TRULINCS is an email communication system that the BOP has permitted inmates to use since 2005. (Compl., ECF No. 1 at 4.) The self-contained system is used exclusively by the BOP. (Id. at 5.) To use the system, an inmate enters the name, address, telephone number and email address of the recipient. (Id.) The information must be verified by BOP staff before an invitation to participate is sent to the recipient. (Id.) The invitation informs the recipient that the inmate wishes to add the recipient as an email contact, provides the rules of the TRULINCS system, and directs the recipient to the TRULINCS website to accept the invitation and agree to receive email from the recipient. (Id.)

TRULINCS messages do not operate like regular email. (Id.) The recipient receives an email stating that a message is waiting, and the recipient must log in to the TRULINCS system to read and respond to the message. (Id.) Every message sent to and from the inmate is recorded and monitored. (Id.) No message ever leaves the TRULINCS system. (Id.)

BOP Program Statement 4500.11, §14.9 states, "inmates are only restricted from using TRULINCS . . . when absolutely necessary to protect the safety, security, or orderly operation of the correctional institution or the protection of the public or staff."[2] As to sex offenders, the Program Statement further

---

[2] BOP Program Statements are available at https://www.bop.gov/PublicInfo/execute/policysearch?todo=query

provides "inmates whose offense conduct, or other personal history indicates a propensity to offend operation of the correctional facility, or the protection of the public or staff, should be seriously considered for restriction." (Id.) The Program Statement directs staff to identify inmates whose "participation in the public messaging service poses a realistic threat." (Id.)

When Plaintiff first requested access to TRULINCS from his Unit Team, the response was a denial "per BOP policy." (Id. at 6.) Plaintiff's appeal to the warden, the sole defendant in this action, was denied based on Plaintiff's offense conduct, described by the warden as follows:

> A review of your record reveals you are serving a 294 month aggregate sentence for Attempted Transportation of Minors with Intent to Engage in Criminal Sexual Activity, Attempt to Travel with Intent to Engage in Illicit Sexual Conduct, and Possession of Visual Depictions of Child Pornography. Further review of your current offense reveals you communicated via e-mail with an undercover ICE agent who was pretending to operate a website offering international travel with the explicit purpose of offering sex with minors. During the period of June 15, 2010 and July 23, 2010, you and the undercover officer exchanged numerous e-mails negotiating the terms of your trip to engage in sexual activity with an eight year old girl.
>
> Additionally, on May 17, 2004, you were convicted of Attempted Gross Sexual Imposition. Specifically, you were found to have used e-mail to correspond with a girlfriend in an attempt to coerce her into letting you engage in sex with her 10 year old sister.

8

(Compl., Ex. A, ECF No. 1-4 at 6.)

Plaintiff appealed the warden's decision to the Regional Office. (Compl., Ex. A, ECF No. 1-4 at 7-9.) The Regional Office affirmed the warden's decision, stating "sound correctional judgment requires your access to electronic messaging be limited to ensure the safe operation of the institution and to ensure public safety." (Id. at 9.) The Central Office affirmed the Regional Office because "there were aggravating factors in your offense conduct, which are sufficient to limit your TRULINCS access." (Id. at 12.)

B. Equal Protection Claim Under Bivens

Plaintiff argues he has been treated differently from other sex offenders at Fort Dix who have been granted access to TRULINCS. (Compl., ECF No. 1 at 11.) He alleges the following:

> Numerous other sex offender inmates at that facility have been granted access to BOP e-mail. Some of those inmates committed arguably "worse" crimes than Plaintiff, including "hands-on" or "contact" offenses, and some who also used the internet and e-mail to commit their offense. (NOTE: Plaintiff chooses not to provide the actual names of those offenders in this initial filing for concerns over privacy and possible retaliation by the BOP against them. If the Court feels those names are necessary, he is willing to supplement this filing under seal if so directed.) For instance, one inmate, convicted in the District of Massachusetts, amassed a collection of over 4 million illegal pornographic images, actively traded child pornography via "peer to peer" networks and

9

> over e-mail, and produced child pornography
> which showed him personally abusing an infant.
> Yet Defendants granted this inmate access to
> TRULINCS and BOP e-mail. Another inmate,
> convicted in the Northern District of Alabama,
> communicated with an undercover agent via e-
> mail, believing he was setting up a hotel-room
> sexual encounter with a minor female. He
> mailed partial payment to the undercover agent
> and crossed state lines believing the
> encounter would take place. Yet Defendants
> granted that inmate access to TRULINCS and BOP
> e-mail. Another inmate at FCI-Fort Dix was
> convicted in the Western District of
> Pennsylvania of possession and distribution of
> child pornography. He is a second time felon
> and was originally denied access to TRULINCS.
> When he appealed that decision, however,
> Defendant (the same who denied Plaintiff in
> this matter) reversed that denial and granted
> him access to BOP e-mail. He still has access
> at the time of this filing.
>
> Defendant is unable to adequately articulate
> any valid distinction between these similarly
> situated inmates and Plaintiff. All used e-
> mail in the commission of their crimes. Two of
> the 3 were sentenced to at least 15 years
> incarceration. (The Pennsylvania inmate was
> sentenced to 8 years). All are members of the
> "general population" of FCI-Fort Dix. But of
> the four, Plaintiff is the only one who has
> been denied access to BOP e-mail.

(Compl., ECF No. 1 at 11-12.)

"The liberty protected by the Fifth Amendment's Due Process Clause contains within it the prohibition against denying to any person the equal protection of the laws." U.S. v. Windsor, 570 U.S. 744, 774 (2013). A plaintiff may bring a "class of one" Equal Protection claim by alleging she has been intentionally treated differently from others who are similarly situated, and that there

10

is no rational basis for the difference in treatment. <u>Village of Willowbrook v. Olech</u>, 528 U.S. 562, 564 (2000). The burden is on the plaintiff to negate "any reasonably conceivable state of facts that could have provided a rational basis for the classification." <u>Board of Trustees v. Garrett</u>, 531 U.S. 356, 367 (2001).

There is a rational basis upon which Defendant treated Plaintiff differently than the similarly situated inmates he identified. As the Warden explained, Plaintiff sent an email to his girlfriend to persuade her to allow Plaintiff to have sex with her ten-year-old sister. This behavior shows someone who might use TRULINCS to gain access to a minor through a personal relationship for his own sexual gratification. Thus, Defendant had a rational basis to deny Plaintiff TRULINCS access while permitting access to other sex offenders. See <u>Hoffman v. Fed. Bureau of Prisons</u>, No. 13-CV-852-GPM, 2013 WL 5529612, at *4 (S.D. Ill. Oct. 7, 2013) (finding the warden articulated reasons consistent with the BOP's program statement for his decision to deny the plaintiff TRULINCS access.)

    C.    <u>Administrative Procedure Act Claim</u>

Plaintiff contends the BOP's final agency decision to deny him access to TRULINCS was arbitrary and capricious because the BOP did not explain how Plaintiff's offense conduct jeopardizes public safety, but rather excluded Plaintiff from TRULINCS based on "generalized categories of previous conduct" in contravention

11

of BOP Program Statement 4500.11. (Compl., ECF No. 1 at 7.) The gravamen of Plaintiff's argument is that Defendant did not explain how his use of TRULINCS would jeopardize the orderly operation of the facility or the protection of the public because the TRULINCS system is self-contained and its use is fully monitored. (Id. at 8.)

A reviewing court may set aside an agency action if the agency's action is found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A); Douglas v. Independent Living Center of Southern California, Inc., 565 U.S. 606, 614 (2012) (noting the APA provides for judicial review of final agency action under the standard described in 5 U.S.C. § 706(2)(A)). Reviewing courts "must consider whether the agency 'examine[d] the relevant data and articulate[d] a satisfactory explanation for its action,' while being careful 'not to substitute [their own] judgment for that of the agency.'" Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs., 730 F.3d 291, 305 (3d Cir. 2013) (quoting Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983)). "An agency action may be arbitrary and capricious 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or

is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" Christ the King Manor, Inc., 730 F.3d at 305 (quoting State Farm, 463 U.S. at 43.)

Here, the warden articulated Plaintiff's specific offense conduct that posed a particular risk that he might use email to gain access to minors for his own sexual gratification. The warden did not, as Plaintiff suggests, categorically deny Plaintiff access because he was convicted of a sex offense, regardless of the individual nature of the crime.

Although TRULINCS is self-contained and emails are monitored by staff, human error may occur and prisoners with access to electronic messaging can pose a threat to public safety. Plaintiff may pose a greater threat to the public than other sex offenders because he used his personal relationship with his girlfriend to try to gain access to a minor. A prisoner's close relations are the types of persons likely to receive messages from the prisoner via TRULINCS. Therefore, the warden's decision to deny Plaintiff access to TRULINCS pursuant to BOP Program Statement 4500.11 was not arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law. See Hoffman, 2013 WL 5529612, at *3 (allowing inmates to use TRULINCS involves the use of prison resources to screen or monitor electronic communications in order to ensure that safety and security concerns are not jeopardized); see also Solan v. Zickefoose, 530 F. App'x 109, 111–12 (3d Cir.

2013) (BOP Program Statement 4500.11 is entirely consistent with the enabling statute, 18 U.S.C. § 4042(a)(2), which authorizes the BOP to "provide for the safekeeping, care, and subsistence" of Federal prisoners.)

IV. CONCLUSION

For the reasons discussed above, Plaintiff fails to state a claim under the Fifth Amendment equal protection guarantee or the Administrative Procedures Act. Although it is unlikely Plaintiff can allege additional facts to state a valid claim, the Court will dismiss the Complaint without prejudice and permit Plaintiff an opportunity to amend.

DATE: January 22, 2019

                                            s/Renée Marie Bumb
                                            **RENÉE MARIE BUMB**
                                            **UNITED STATES DISTRICT JUDGE**